## Absalom Cornelius, plaintiff in error, *vs.* William M'Ilvaine, defendant in error.

### *Error to Henry.*

Where a defendant stands by and assents to the change of the name of the plaintiff in a suit before a justice of the peace, and the parties subsequently go to trial upon the merits, it is a waive of the irregularity of the proceedings, and the defendant is estopped from setting the judgment aside on a certiorari.

The errors complained of are set forth in the opinion of the court.

TEAS & WILLIAMS, for plaintiff in error.

PER CURIAM, MASON, CHIEF JUSTICE.—This case came into the District Court by a writ of certiorari, to a justice of the peace. The transcript sent up, in obedience to said writ, is regular in all respects. An affidavit of the defendant below being filed, setting forth that on the trial below, Bond & Martin were the plaintiffs. A rule was taken upon the justice, to shew cause why he should not amend the transcript in this particular. To this rule, the justice replied in substance, that it is true the original summons was issued in the name of Bond & Martin; that the notes were assigned by Bond & Martin, to M'Ilvaine before the suit was brought; that on the return day of the summons, the agent of said M'Ilvaine, moved to have said M'Ilvaine's name substituted, and that the trial proceed. The defendant made no objection; the alteration was made and the defendant went fully into trial. The justice further stated, that he considered the substitution above mentioned, an amicable arrangement.

The counsel for the defendant below, then moved the court to dismiss the suit, for irregularities set forth in the motion. The court overruled the motion, which constitutes in substance the only error alleged in the case.

So far as regards mere formal irregularities, the superior courts should look with an indulgent eye upon proceedings before justices of the peace. The substitution of the name of M'Ilvaine for that of Bond & Martin, was in the first instance a substantial error, unless done by consent, but it was waived, even if erroneous, by the subsequent act of Cornelius. After the substitution, he went into a full trial on the merits. The subject

matter of the action remained the same, and whether the actual plaintiffs were Bond & Martin or M'Ilvane, could make no substantial difference with him. He could therefore have sustained no essential injury from the substitution. Not having made objection thereto at the proper time, he is estopped from doing so now.

Judgment affirmed.

NOTE.—In the cases of George Prior vs. Wm. M'Ilvaine, and Wesley Prior vs. Wm. M'Ilvaine, the same points were raised, and decided as in the preceeding case.

REPORTER.